JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
RYAN MAUCK (Bar No. 223173)
rmauck@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:  (310) 203-8080
Facsimile:  (310) 203-0567

Attorneys for Defendant RMO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 3M UNITEK CORPORATION, a California corporation, and 3M INNOVATIVE PROPERTIES COMPANY, a Delaware corporation,<br><br>Plaintiffs.<br><br>v.<br><br>RMO, INC., d/b/a ROCKY MOUNTAIN ORTHODONTICS, a Colorado corporation,<br><br>Defendant. | CASE NO.  CV12-08544 MMM (RZX)<br><br>**RMO, INC., D/B/A ROCKY MOUNTAIN ORTHODONTICS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Honorable Margaret M. Morrow |

Defendant RMO, Inc., d/b/a Rocky Mountain Orthodontics ("Defendant") hereby submits its Answer and Affirmative Defenses to Plaintiffs 3M Unitek Corporation and 3M Innovative Properties Company's (collectively, "3M") Complaint in this matter (the "Complaint").

**NATURE OF THIS ACTION**

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

1   **Answer to No. 1:**  RMO admits that the Complaint is predicated on claims of

2   patent infringement, but denies that RMO has infringed on any rights of 3M.

3

4   ### THE PARTIES

5   2.   Plaintiff 3M Unitek is a corporation organized and existing under the

6   laws of the state of California, and having its principal place of business at 2724

7   South Peck Rd., Monrovia, California 91016.

8   **Answer to No. 2:**  RMO is without knowledge or information sufficient to

9   form a belief as to the truth of the allegations set forth in Paragraph 2.

10

11   3.   Plaintiff 3M IPC is a corporation organized and existing under the laws

12   of the state of Delaware, and having its principal place of business at 3M Center, St.

13   Paul, Minnesota 55133.

14   **Answer to No. 3:**  RMO is without knowledge or information sufficient to

15   form a belief as to the truth of the allegations set forth in Paragraph 3.

16

17   4.   Defendant RMO, upon information and belief, is a corporation organized

18   and existing under the laws of the state of Colorado, and having its principal place of

19   business at 650 West Colfax Ave., Denver, CO 80204.

20   **Answer to No. 4:**  Admitted.

21

22   ### JURISDICTION AND VENUE

23   5.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and

24   1338(a).

25   **Answer to No. 5:**  Admitted.

26

27

28

PRINTED ON
RECYCLED PAPER

LA 9176508v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

6.     On information and belief, RMO conducts business throughout the United States, including in this District, and has committed acts complained of in this District and elsewhere.

**Answer to No. 6:**  Denied.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) in that RMO's actions complained of herein were carried out and had effect within the State of California and this District, among other places. RMO resides in the District by virtue of its business activities in this District, and by having committed acts of infringement within this District.

**Answer to No. 7:**  RMO admits venue for the purposes of this litigation. RMO denies the remaining allegations of Paragraph 7.

## 3M PATENTS IN SUIT

8.     On August 17, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,776,614 ("the '614 patent"), entitled "Modular System for Customized Orthodontic Appliances." A true and correct copy of the '614 patent is attached as Exhibit A to this complaint.

**Answer to No. 8:**  RMO admits that what appears to be a copy of U.S. Patent No. 6,776,614 is attached as Exhibit A to the Complaint.  RMO admits that, on its face, Exhibit A is entitled "Modular System for Customized Orthodontic Appliances."  RMO denies that U.S. Patent No. 6,776,614 was duly and legally issued.  RMO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8.

9.     On October 12, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,811,087 B2 ("the '087 patent"), entitled "Modular System for Customized Orthodontic Appliances." The '087 patent

1   is a continuation of the '614 patent. A true and correct copy of the '087 patent is
2   attached as Exhibit 13 to this complaint.

3   **Answer to No. 9:**  RMO admits that what appears to be a copy of U.S. Patent
4   No. 7,811,087 B2 is attached as Exhibit B to the Complaint.  RMO admits that, on its
5   face, Exhibit B is entitled "Modular System for Customized Orthodontic Appliances."
6   RMO denies that U.S. Patent No. 7,811,087 B2 was duly and legally issued.  RMO is
7   without knowledge or information sufficient to form a belief as to the truth of the
8   remaining allegations set forth in Paragraph 9.
9

10   10.   On December 14, 2010, the United States Patent and Trademark Office
11   duly and legally issued United States Patent No. 7,850,451 B2 ("the '451 patent"),
12   entitled "Modular System for Customized Orthodontic Appliances." The '451 patent
13   is a continuation of the '614 patent. A true and correct copy of the '451 patent is
14   attached as Exhibit C to this complaint.

15   **Answer to No. 10:**  RMO admits that what appears to be a copy of U.S. Patent
16   No.7,850,451 B2 is attached as Exhibit C to the Complaint.  RMO admits that, on its
17   face, Exhibit C is entitled "Modular System for Customized Orthodontic Appliances."
18   RMO denies that U.S. Patent No. 7,850,451 B2 was duly and legally issued.  RMO is
19   without knowledge or information sufficient to form a belief as to the truth of the
20   remaining allegations set forth in Paragraph 10.
21

22   11.   3M IPC owns all right, title, and interest to the '614 patent, the '087
23   patent, and the '451 patent (3M Patents).

24   **Answer to No. 11:**  RMO is without knowledge or information sufficient to
25   form a belief as to the truth of the allegations set forth in Paragraph 11.
26

27   12.   3M Unitek has an exclusive license under the 3M Patents. 3M Unitek
28   sells, in this District and throughout the United States, lingual orthodontic treatment

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  systems embodying and practicing the invention claimed in the 3M Patents, namely

2  the IncognitoTM Appliance System and the IncognitoTM Lite Appliance System

3  (collectively, the "Incognito Systems").

4      **Answer to No. 12:**  RMO is without knowledge or information sufficient to

5  form a belief as to the truth of the allegations set forth in Paragraph 12.

6

7      13.    A widely-used method to straighten or align teeth is to bond brackets

8  onto the teeth's lingual surface — that is, the tongue-facing side of the teeth — or the

9  teeth's labial surface — the lip-facing side of the teeth. Traditionally, these systems

10  have lacked the ability to be customized to each individual patient's teeth, leading to

11  discomfort and decreased results.

12      **Answer to No. 13:**  RMO denies that traditional or prior lingual systems have

13  lacked the ability to be customized to each individual patient's teeth. RMO is without

14  knowledge or information sufficient to form a belief as to the truth of the remaining

15  allegations set forth in Paragraph 13.

16

17      14.    The 3M Patents, embodied by 3M Unitek's Incognito Systems, solve this

18  and other problems through computer-aided customization and manufacture of the

19  appliance to adapt the appliance to each patient.

20      **Answer to No. 14:**  RMO is without knowledge or information sufficient to

21  form a belief as to the truth of the allegations set forth in Paragraph 14.

22

23      15.    3M Unitek's Incognito Systems have enjoyed substantial commercial

24  success since their introduction to the market. Providers and patients in this District

25  and throughout the United States benefit from 3M Unitek's Incognito Systems.

26      **Answer to No. 15:**  RMO is without knowledge or information sufficient to

27  form a belief as to the truth of the allegations set forth in Paragraph 15.

28

LA 9176508v1

- 5 -

## DEFENDANT'S INFRINGING ACTIVITIES

16.    RMO sells its "LingualJet" system and products made by that system in this District and throughout the United States ("LingualJet System"). RMO markets the LingualJet System as a highly customizable lingual orthodontics system, which utilizes 3-dimensional modeling and computer technology to adapt the appliance to each patient. RMO's LingualJet System competes directly with 3M Unitek's Incognito Products.

**Answer to No. 16:**  Denied.

17.    RMO maintains a website at www.rmortho.com, which provides detailed product information for the LingualJet System, and allows visitors to order the LingualJet System directly from the website. Customers can also order the LingualJet System from RMO salespeople listed on its website.

**Answer to No. 17:**  RMO admits that it maintains a website at www.rmortho.com but denies the remaining allegations in Paragraph 17.

18.    RMO's LingualJet System and its design, manufacture, and/or use infringes one or more claims of the 3M Patents.

**Answer to No. 18:**  Denied.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,776,614

19.    Plaintiffs re-allege and incorporate by reference the previous paragraphs of this Complaint.

**Answer to No. 19:**  RMO repeats and re-alleges its answers to Paragraphs 1-18 above as its answer to this Paragraph 19.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    20.   RMO has been and is infringing, inducing others to infringe, and

2    contributing to the infringement of one or more claims of the '614 patent in this

3    District and elsewhere under 35 U.S.C. § 271(a), (b), (c), and/or (g) by making, using,

4    importing, selling, and/or offering for sale its LingualJet System and/or products

5    made by its LingualJet System.

6          **Answer to No. 20:**  Denied.

7

8    21.   Upon information and belief, RMO will continue to infringe, induce

9    others to infringe, and contribute to the infringement of the '614 patent unless and

10   until it is enjoined by this Court.

11         **Answer to No. 21**:  Denied.

12

13   22.   RMO's continuing infringement of the '614 patent is knowing, willful,

14   and/or objectively reckless and constitutes willful infringement.

15         **Answer to No. 22:**  Denied.

16

17   23.   RMO has caused and will continue to cause Plaintiffs injury and damage

18   by infringing, inducing others to infringe, and contributing to the infringement of the

19   `614 patent. Plaintiffs will further suffer irreparable injury, for which Plaintiffs have

20   to adequate remedy at law, unless and until RMO is enjoined from infringing the '614

21   patent.

22         **Answer to No. 23:**  Denied.

23

24              **SECOND CLAIM FOR RELIEF**

25        **INFRINGEMENT OF U.S. PATENT NO. 7,811,087 B2**

26   24.   Plaintiffs re-allege and incorporate by reference the previous paragraphs

27   of this Complaint.

28

1   **Answer to No. 24:**  RMO repeats and realleges its answers to Paragraphs 1-23

2   above as its answer to this Paragraph 24.

3

4   25.     RMO has been and is infringing, inducing others to infringe, and

5   contributing to the infringement of one or more claims of the '087 patent in this

6   District and elsewhere under 35 U.S.C. § 271(a), (b), (c), and (g) by making, using,

7   importing, selling, and/or offering for sale its LingualJet System and/or products

8   made by its LingualJet System.

9   **Answer to No. 25:**  Denied.

10

11   26.     Upon information and belief, RMO will continue to infringe, induce

12   others to infringe, and contribute to the infringement of the '087 patent unless and

13   until it is enjoined by this Court.

14   **Answer to No. 26:**  Denied.

15

16   27.     RMO's continuing infringement of the '087 patent is knowing, willful,

17   and/or objectively reckless and constitutes willful infringement.

18   **Answer to No. 27:**  Denied.

19

20   28.     RMO has caused and will continue to cause Plaintiffs injury and damage

21   by infringing, inducing others to infringe, and contributing to the infringement of the

22   '087 patent. Plaintiffs will further suffer irreparable injury, for which Plaintiffs have

23   to adequate remedy at law, unless and until RMO is enjoined from infringing the '087

24   patent.

25   **Answer to No. 28:**  Denied.

26

27

28

PRINTED ON
RECYCLED PAPER

LA 9176508v1

JMBM | Jeffer Mangels
Butler & Mitchell LLP

## THIRD CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,850,451 B2

29.     Plaintiffs re-allege and incorporate by reference the previous paragraphs of this Complaint.

**Answer to No. 29:**  RMO repeats and realleges its answers to Paragraphs 1-28 above as its answer to this Paragraph 29.

30.     RMO has been and is infringing, inducing others to infringe, and contributing to the infringement of one or more claims of the '451 patent in this District and elsewhere under 35 U.S.C. § 271(a), (b), (c), and (g) by making, using, importing, selling, and/or offering for sale its LingualJet System and/or products made by its LingualJet System.

**Answer to No. 30:**  Denied.

31.     Upon information and belief, RMO will continue to infringe, induce others to infringe, and contribute to the infringement of the '451 patent unless and until it is enjoined by this Court.

**Answer to No. 31:**  Denied.

32.     RMO's continuing infringement of the '451 patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

**Answer to No. 32:**  Denied.

33.     RMO has caused and will continue to cause Plaintiffs injury and damage by infringing, inducing others to infringe, and contributing to the infringement of the '451 patent. Plaintiffs will further suffer irreparable injury, for which Plaintiffs have to adequate remedy at law, unless and until RMO is enjoined from infringing the '451 patent.

1   **Answer to No. 33:**  Denied.

2

3   RMO denies all allegations in the Complaint not expressly admitted herein.

4

5   <u>**AFFIRMATIVE DEFENSES**</u>

6   Further answering the Complaint and as additional defenses thereto, RMO

7   asserts the following affirmative defenses, without admitting any allegation not

8   otherwise admitted and without assuming the burden of proof when such burden

9   would otherwise be on 3M.  RMO reserves the right to allege additional affirmative

10  defenses as they become known through the course of discovery.

11

12  **First Affirmative Defense**

13  **(Non-Infringement)**

14  1.     RMO has not infringed, either literally or under the doctrine of

15  equivalents, any claim of United States Patent Nos. 6,776,614, 7,811,087 B2, and

16  7,850,451 B2.  For example, RMO does not perform all of the steps of any claimed

17  method or system in United States Patent Nos. 6,776,614, 7,811,087 B2, or 7,850,451

18  B2. Furthermore, RMO does not have access to a virtual library or make any

19  comparison to a virtual library, as is required by the claims of United States Patent

20  Nos. 6,776,614, 7,811,087 B2, and 7,850,451 B2, in providing any product or service

21  associated with LingualJet.  Moreover, RMO has not infringed, contributed to the

22  infringement of, or induced the infringement of any claim of United States Patent

23  Nos. 6,776,614, 7,811,087 B2, and 7,850,451 B2.

24

25  **Second Affirmative Defense**

26  **(Patent Invalidity)**

27  2.     3M's purported claims for infringement are barred in whole or in part

28  because one or more claims of United States Patent Nos. 6,776,614, 7,811,087 B2,

1    and 7,850,451 B2 are invalid for failure to comply with one or more of the

2    requirements of 35 U.S.C. §§ 1 et seq., including, but not limited to, 35 U.S.C. §§

3    101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

4

5                              **Third Affirmative Defense**

6                              **(Failure to State a Claim)**

7        3.      3M has failed to state claims upon which relief can be granted.

8

9                              **PRAYER FOR RELIEF**

10       WHEREFORE, defendant RMO prays that 3M take nothing against it and that

11   RMO recover the costs and expenses which have been incurred because of the

12   charges and allegations made against it in this lawsuit, and for such other and further

13   relief to which RMO is justly entitled.

14

15   DATED:  December 14, 2012          JEFFER MANGELS BUTLER & MITCHELL LLP
                                        STANLEY M. GIBSON
16                                      RYAN S. MAUCK

17

18                                      By: /s/ Ryan S. Mauck
                                             RYAN S. MAUCK
19                                      Attorneys for Defendant RMO

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
LA 9176508v1

1

## JURY DEMAND

2      Defendant RMO, Inc., d/b/a Rocky Mountain Orthodontics hereby requests a

3  jury trial for all matters not otherwise adjudicated by the Court.

4

5  DATED:  December 14, 2012    JEFFER MANGELS BUTLER & MITCHELL LLP
        STANLEY M. GIBSON
6          RYAN S. MAUCK

7

8          By: /s/ Ryan S. Mauck
                RYAN S. MAUCK
9          Attorneys for Defendant RMO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

LA 9176508v1